# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

TRACY D. DURLAND, )
)
      Plaintiff, )
)
vs. ) Case No. 09-cv-713-TLW
)
MICHAEL J. ASTRUE, )
Commissioner of the Social Security )
Administration, )
)
      Defendant. )

## OPINION AND ORDER

Plaintiff Tracy D. Durland, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration denying her application for disability benefits under Title II of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. # 12). Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

## Standard of Review

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of impairment and the severity of the impairment during the time of his alleged disability. 20 C.F.R. § 404.1512(b). A disability is a physical or mental impairment "that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. § 404.1508. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 404.1513(a).

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C.§ 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996); Castellano v. Secretary of Health & Human Serv., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). The Court is to consider whether the ALJ followed the "specific rules of law that must be followed in weighing particular types of evidence in disability cases," but the Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Issues Raised

Plaintiff's allegations of error by the ALJ are as follows:

1. The ALJ erred in finding that plaintiff did not have a severe mental impairment; and

2. The ALJ failed to properly evaluate plaintiff's credibility regarding pain.

(Dkt. # 18 at 4).

## **Discussion**

The Commissioner is to follow a five-step process in evaluating a claimant's application for disability benefits. If the applicant is found not to be disabled, or to be disabled, at any step, the analysis ends. The five steps are as follows: (1) the ALJ determines whether the applicant is or has been gainfully employed over the relevant time period; (2) the ALJ determines whether the applicant has a severe impairment(s); (3) the ALJ determines whether the severe impairment(s) meets or equals an impairment presumed by the Commissioner to preclude substantial gainful activity, listed in Appendix 1 to the Social Security Regulations; (4) the ALJ determines whether the applicant has an impairment which prevents her from engaging in her past employment; and (5) the ALJ determines whether the applicant has an impairment which prevents her from engaging in any other work, considering her age, education, and work experience. Ringer v. Sullivan, 962 F.2d 17 (10th Cir. 1992) (unpublished) (citing Williams v. Bowen, 844 F.2d at 750-52). Plaintiff argues that the ALJ erred at step 2 when he determined that plaintiff's only severe impairment is Crohn's disease. Plaintiff argues that she has the following additional severe impairments: bipolar disorder and depression with anxiety. (R. 22-23).

Plaintiff's date last insured was December 31, 2002. Thus, plaintiff had the burden of establishing that she suffered from these additional impairments on or before that date. The ALJ found that "there is no medical evidence of record to indicate [the presence of bipolar disorder] prior to the date last insured." (R. 12). The ALJ is correct. There is no evidence in the record that plaintiff suffered from bipolar disorder prior to or on December 31, 2002. This portion of

the ALJ's Decision is affirmed.  However, the ALJ does not mention plaintiff's alleged "anxiety" in his Step Two analysis.  Yet, the ALJ refers to a February 22, 2002 letter from one of plaintiff's doctors that refers to plaintiff as having "anxiety disorder."  (R. 16).  In addition, as plaintiff points out, there are several references in plaintiff's pre-2003 medical records to plaintiff's "anxiety," but none are discussed or referenced by the ALJ.  There is a January 23, 2002 Progress Record from Baylor Medical Center at Garland, which refers to plaintiff as having post traumatic stress disorder and anxiety (R. 206), although it is unclear whether these references were the result of a diagnosis or simply self-reports.  There is a similar Progress Record dated January 29, 2002, which is equally unclear.  There is also a record from Timberlawn Mental Health System which refers to plaintiff's judgment as being "impaired."  (R. 255-57).  The Timberlawn record also does not indicate whether it is a diagnosis by a medical doctor, by another medical provider, or neither.  These records are scant, at best, and it is hardly likely that a full discussion of them by the ALJ will change the result, either at Step 2 or subsequently.  Nonetheless, because the ALJ did not refer to these records, or plaintiff's alleged anxiety, in his step two analysis and, in fact, did not even mention plaintiff's allegation of anxiety (other than his reference to letter mentioned above), the Court cannot determine why the ALJ concluded that plaintiff's alleged anxiety was not a severe impairment.

For the foregoing reasons, the Decision of the Commissioner is reversed and remanded for the sole purpose of allowing the ALJ to address those records dated on or prior to December 31, 2002, that bear on plaintiff's asserted mental impairment of anxiety disorder.

As to plaintiff's argument regarding credibility, the ALJ's analysis is extremely thorough and well supported by cites to the record.  This argument has no merit.

## Conclusion

The decision of the Commissioner finding plaintiff not disabled is hereby REVERSED and REMANDED with instructions, as set forth herein.

SO ORDERED this 31th day of March, 2011.

T. Lane Wilson
United States Magistrate Judge